IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID DONELL JACKSON                                              PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:19-CV-480-HTW-LRA

CLERK OF JUSTICE COURT and
THE BOARD OF SUPERVISORS                                         DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing that was conducted before the undersigned United States Magistrate Judge on December 10, 2019. Plaintiff David Donell Jackson appeared *pro se*, and attorney Rebecca Cowan attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Jackson's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on his arrest on February 14, 1997, in Canton, Mississippi. Jackson contends that, unbeknownst to him, a hearing was held where an entry of nolle prosequi was entered into the record. Despite

1

the fact that the county attorney announced that the charges were dropped, Jackson was not notified, and the county continued to hold him in custody for 61 days. He says that he did not discover that these proceedings had occurred until 2007. Jackson contends that he cannot take legal action regarding this issue, because the Clerk of the Justice Court has wrongfully refused to supply him with the necessary documents from the court record.

Jackson's Complaint was originally filed in the Circuit Court of Madison County, and it was subsequently removed to this Court. Attached to the original Complaint are several documents, one of which was a letter from the Clerk of the Justice Court of Madison County, dated March 31, 2014, in which she told Jackson that she would make every effort to locate his file. She added, however, that the age of the file, along with an intervening renovation of the courthouse, might make it difficult to find. Also attached was a letter from Jackson's attorney during the 1997 proceedings, Chris Ganner, which was sent to The Mississippi Bar, apparently in response to a bar complaint from Jackson. He, too, cited the passage of time and the destruction of old files by a former landlord. Ganner also pledged, however, to give Jackson's file to him if he ever found it.

## 2. **DISCOVERY ISSUES and PENDING MOTIONS**

Defendants' counsel brought Jackson's jail records from 1997, an exhibit list, and a witness list, all of which were given to Jackson. Jackson, however, has questions about the authenticity of the documents, and he wants to see the originals. Jackson

should submit his Witness List and his Exhibit List to the Court. If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Plaintiff's court file for use as a general exhibit for all parties at trial.

There are several motions pending, including

1. Jackson's Motion for all Official Documents Regarding Plaintiff's Case in Justice Court [Doc. #11];

2. Jackson's Motion to Amend/Correct Notice of Removal [Doc. #13];

3. Jackson's Motion for Equitable Estoppel, Tolling, and Statute of Limitation [Doc. #15];

4. Defendants' Motion to Strike Attachment [Doc. #20];

5. Jackson's Motion to Exclude [Doc. #23];

6. Defendants' Motion for Summary Judgment [Doc. #25];

7. Jackson's Motion for Stenographic Transcript as Evidence [Doc. #27].

Jackson's Motion for all Official Documents asked that the Justice Court documents be made available to him at the omnibus hearing. The Defendants tendered those documents, either by mail or at the omnibus hearing, and represented to the Court that the documents in the Circuit Court files are identical to those that would have been in the Justice Court files. This Motion, having been satisfied, will be granted, although the Defendants need not do anything more.

Jackson's Motion to Amend seeks to add as a Defendant Jim Marlett, who was allegedly the arresting officer, on grounds of malicious prosecution and false imprisonment. The Defendants object to the amendment, on grounds that it would be futile. As support for their objection, the Defendants note that the malicious prosecution claim is time-barred. They also argue that the false arrest claims cannot be pursued without violating the principles set out in *Heck v.* Humphrey, 512 U.S. 477 (1994), in that a positive outcome would operate to invalidate his 1997 conviction, which has not been overturned. Because this motion implicates issues that are dispositive in nature, the undersigned declines to rule on it.

Jackson's Motion for Equitable Estoppel seeks an order tolling the statute of limitations for bringing this action, on grounds of fraudulent concealment. The Defendants oppose the Motion, arguing that Jackson knew no later than October, 2007, of the proceedings in 1997. Again, because this Motion implicates matters that are dispositive in nature, the undersigned declines to rule on it.

The Defendants' Motion to Strike relates to the Proposed Amended Complaint that was filed by Jackson. They argue that it was improper, as it was filed without the prior permission of the Court. The Court agrees that this document was filed prematurely, and the Motion, which is, apparently, unopposed, will be granted. Because, however, the document appears on the docket as a "Proposed Amended Complaint," no correction to the docket is required.

Jackson's Motion to Exclude asks the Court to exclude evidence of a felony charge of possession of crack cocaine. While not entirely clear from his Motion, it appears that Jackson's real complaint is that the document by which he believes this proof will be offered cannot be authenticated. Without examining the document in question, which is not sufficiently described in the Motion, the Court cannot determine whether Jackson's concerns are valid. The Motion will be denied at this time, but without prejudice to Jackson's right to re-urge this relief at a later date.

Finally, Jackson has filed a Motion for Stenographic Transcript as Evidence, in which he seeks a transcript of his December 10 omnibus hearing. The Court denies this Motion, on grounds of well-settled precedent. "An indigent prisoner does not have a constitutional right to free copies of transcripts in order to search for possible defects." *Amerson v. Epps*, No. 2:08cv249, 2009 WL 3401134, at *1 (S.D. Miss. Oct. 16, 2009) (citing *United States v. Herrera*, 474 F.2d 1049 (1973)). In order to justify such a request, the prisoner must identify a "particular need for his transcript to prosecute his case . . . ." *Id.* Jackson has failed to make such a showing, and this Motion will be denied.

The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil

Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

3. **TRIAL WITNESSES**

Jackson has not asked that any MDOC inmates be brought to testify on his behalf. If a trial is conducted, Jackson may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Jackson may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion for all Official Documents Regarding Plaintiff's Case in Justice Court [Doc. #11] is hereby **granted.**

2. Defendants' Motion to Strike [Doc. #20] is hereby **granted.**

3. Plaintiff's Motion to Exclude [Doc. #23] is hereby **denied** without prejudice.

4. Plaintiff's Motion for Stenographic Transcript as Evidence [Doc. #27] is hereby **denied.**

5. Any motions requesting additional discovery should be filed on or before **February 28, 2020,** and should specify precisely what information is being requested.

6. All dispositive motions should be filed on or before **March 23, 2020**.

IT IS SO ORDERED, this the 5th day of February, 2020.

                                      /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE