**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DAVID DONELL JACKSON**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:19-CV-480-HTW-LRA**

**CLERK OF JUSTICE COURT and**
**THE BOARD OF SUPERVISORS**                                      **DEFENDANTS**

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This case is before the Court on the Defendants' Motion for Summary Judgment
[Doc. #25].   The Plaintiff, David Jackson, has filed this lawsuit claiming that he was
illegally imprisoned for 61 days following the entry of a nolle prosequi of the charges for
which he was arrested.   His claims are based on his arrest on February 14, 1997, in
Canton, Mississippi.   The Defendants have moved for summary judgment on grounds
that Jackson's claims are time barred, as well as on grounds that Jackson has failed to
state a claim against the Clerk of the Justice Court, and that the Clerk would be protected
by absolute immunity, in any event, and that the Board of Supervisors is not an entity
capable of being sued.   Having carefully reviewed the Complaint, the Plaintiff's
testimony at the Omnibus Hearing, and the other documents in the file, the undersigned is
of the opinion that the Defendants' arguments with regard to the statute of limitations
have merit, and this case should be dismissed with prejudice.

Summary judgment is appropriate "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that
there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the moving party's evidence and all factual inferences from that evidence in a light most favorable to the party opposing summary judgment. *Impossible Elec. Techniques v. Wackenhut Protective Systems, Inc*., 669 F.2d 1026, 1031 (5th Cir. 1982).   Once the moving party has presented sufficient evidence that no genuine issue of material fact exists, the party opposing summary judgment has the burden of showing that a genuine issue of material fact remains. *Matsushita*, 475 U.S. at 586. The non-moving party must do more than present a simple general denial, but must respond "by affidavit or as otherwise provided in th[e] rule, [and] must set forth specific facts showing that there is a genuine issue for trial."   Fed. R. Civ. P. 56(e).

David Jackson has been incarcerated in the custody of the Mississippi Department of Corrections since 1998, serving a thirty-year sentence for possession of cocaine.   This lawsuit is concerned, however, with the 61 days from his arrest to his indictment, during which time, unbeknownst to Jackson, the prosecutor presented a nolle prosequi to the trial court.   Despite the fact that the county attorney announced that the charges were dropped, Jackson was not notified, and the county continued to hold him in custody until he was indicted.   He says that he did not discover that these proceedings had occurred until 2007.   Jackson wants to bring an action for false imprisonment, but he contends that he cannot, because the Clerk of the Justice Court has wrongfully refused to supply him with the necessary documents from the court record.

Jackson's Complaint was originally filed in the Circuit Court of Madison County, and it was subsequently removed to this Court.   Attached to the original Complaint are several documents, one of which was a letter from the Clerk of the Justice Court of Madison County, dated March 31, 2014, in which she told Jackson that she would make every effort to locate his file.   She added, however, that the age of the file, along with an intervening renovation of the courthouse, might make it difficult to find.   Also attached was a letter from Jackson's attorney during the 1997 proceedings, Chris Ganner, which was sent to The Mississippi Bar, apparently in response to a bar complaint from Jackson. He, too, cited the passage of time and the destruction of old files by a former landlord. Ganner also pledged, however, to give Jackson's file to him if he ever found it.

Jackson believes that his confinement after the entry of the nolle prosequi on the original charges, and before his indictment, violated his rights under the Fourteenth Amendment, which provides, in part, that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States...."   When a deprivation of rights secured by the Constitution and laws of the United States takes place under color of state law, the remedy is provided by 42 U.S.C.A. § 1983, which was enacted to enforce the provisions of the Fourteenth Amendment.   *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924, 934 (1982).

Since there is no federal statute of limitations for civil rights actions brought pursuant to § 1983, federal courts use the forum state's general personal injury limitations period to govern those claims.   *Owens v. Okure*, 488 U.S. 235, 240–41 (1989);   *King-*

*White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015).   The applicable

Mississippi statute of limitations period is three years. *James v. Sadler*, 909 F.2d 834, 836

(5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations

period applicable to § 1983 cases); *see also* Miss. Code Ann. § 15-1-49 (1972).

The general rule is that statutes of limitation begin to run as soon as there is a

cause of action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Aultman v. Kelly*, 236 Miss.

1, 5, 109 So.2d 344, 346 (1959).   Any claim that Jackson could bring against any

individual or entity, including any who have not been named in this lawsuit, is based on

events that occurred in 1997, over twenty years ago.   Accordingly, under § 15–1–49,

Jackson's claims are barred.

Jackson, however, claims that the Defendants fraudulently concealed his claim

from him, thereby preventing him from bringing an action earlier.   The principle of

concealed fraud is an exception to the applicable statute of limitations. *McMahon v.

McMahon*, 157 So. 2d 494, 499, 247 Miss. 822, 832 (1963). However, the rule of

concealed fraud cannot apply to matters of public record. *Id*., 157 So. 2d at 500, 247

Miss. at 834 (citing *Adams v. Belt*, 136 Miss. 511, 100 So. 191, 194 (1924)).   In the case

of a public record, "the circumstances are public and the means of finding out the

character of the transaction is available. Consequently, the running of the statute of

limitations is not prevented." *Aultman*, 109 So. 2d at 347, 236 Miss. at 5.

Even if that were not the case, no interpretation of the allegations that Jackson has

made could establish the elements of a claim for fraudulent concealment.   In Mississippi,

4

the statute governing a claim of fraudulent concealment is Miss. Code Ann. § 15–1–67, which provides:    "If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."    To establish fraudulent concealment, Jackson must allege sufficient facts to conclude (1) that the defendants acted affirmatively to conceal the fraud; and (2) that Jackson could not have discovered the alleged fraud with the exercise of due diligence.    *Liddell v. First Family Fin. Services, Inc.*, 146 Fed. App'x 748, 750 (5th Cir. 2005).    The requirement of proof of an affirmative act refers to an act of concealment after the events that gave rise to the claim.    *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir.2003) ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations.").

Two of the documents that have been in Jackson's file with the Madison County Justice Court since 1997 are attached to his Complaint.    Jackson's file is a public record, and it was available since that time.    Although Jackson obtained these documents in 2007, he is not satisfied with what he has, but believes that the Justice Court Clerk is intentionally concealing other documents, despite receiving a letter from her that she would make every effort to find the rest of his file.    Jackson's assertion that the Defendants conspired to conceal evidence of his alleged false arrest and imprisonment is supported by nothing more than conjecture and speculations.    He has not, however,

provided any evidence of an affirmative act by any of the Defendants that was designed to prevent him from obtaining his file.    Thus, he has not established fraudulent concealment.

This case illustrates the reason that the law provides for statutes of limitations:

> The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.

*Miss. Dep't of Pub. Safety v. Stringer*, 748 So.2d 662, 665 (Miss.1999).    Here, it is obvious that, other than the documents that have already been provided, Jackson's Justice Court file from his 1997 arrest have been lost.    This is the natural result of inordinate delay, and the Defendants should not be required to turn the courthouse upside down to find documents that are over twenty years old, because Jackson sat on his rights.

Assuming, for the sake of argument, that Jackson's incarceration somehow prevents the running of the limitations period from 1997, since he could not, personally, go to the courthouse and find the documents he seeks, that premise does not save his case.    He, by his own admission, had the documents that reflected the entry of nolle prosequi by 2007.    The limitations period would have begun no later than that date, and the statute of limitations has still run on his claims.    Giving Jackson the benefit of any possible argument regarding the accrual of his claim, even if the limitations period began on March 31, 2014, when the current Justice Court Clerk notified Jackson that she would

look for his documents, the filing date of his Complaint in state court, June 10, 2019, is still well beyond the expiration date mandated by § 15–1–49.   Jackson's claims are time-barred.

For the above reasons, the undersigned Magistrate Judge recommends that the Defendant's Motion for Summary Judgment [25] be **granted** and this cause of action be dismissed pursuant to FED. R. CIV. P. 56(b), with prejudice. The undersigned further recommends that the Plaintiff's Motion for Injunctive Relief [31] be denied.   Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   28 U.S.C. § 636;   Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of August, 2020.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE