IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID JACKSON, # 39640**                                           **PLAINTIFF**

vs.                                            **CIVIL ACTION No.: 3:19-CV-480-HTW-LRA**

**CLERK OF JUSTICE COURT, and**
**MADISON COUNTY, MISSISSIPPI,**
**BOARD OF SUPERVISORS**                                         **DEFENDANTS**

## ORDER

BEFORE THIS COURT IS THE Motion for Relief from Judgment **[Docket no. 40]** filed by the *pro se* plaintiff, David Jackson. Defendants oppose plaintiff's motion. This court has reviewed the submissions of the parties and the relevant jurisprudence and finds that plaintiff's motion must be denied for the reasons set forth below.

A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ('All pleadings shall be so construed as to do substantial justice')." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

A *pro se* litigant "must comply with statutory obligations and abide by the rules of this Court." *Legget v. PSS World Med., Inc.*, No. L-07-63, 2009 U.S. Dist. LEXIS 15937, at *12 (S.D. Tex. Mar. 2, 2009) (Citing *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). The United States Supreme Court specifically cautioned *pro se* litigants that:

> District judges have no obligation to act as counsel or paralegal to *pro se* litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that

"the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000)

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004).

This court considers plaintiff's Motion for Relief from Judgment **[Docket no. 40]** to be a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure[1].

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241, 2005 WL 1528611, at *1 (S.D. Miss May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

There are only three grounds for which this court may grant a motion for reconsideration: "(a) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000). If none of these three grounds is present, this court must deny the motion. Id. at *3.

Plaintiff offers no authority or evidence which would support a finding of any of the above listed factors. Plaintiff's sole argument is that he did not receive the Report and Recommendation of the Magistrate Judge [Docket no. 37] and, thus, did not file an objection to such. Plaintiff claims, without support, that the mail office at the correctional facility where he was incarcerated must have lost or misplaced such.

---

[1] (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.
Fed. R. Civ. P. 59(e)

As defendants correctly indicate, however, plaintiff filed a change of address before the United States District Court Clerk for the Southern District of Mississippi mailed the report and recommendation to him. The record also does not indicate that mailing had been returned to the court. Plaintiff does not deny that he received the final judgment and order dismissing his lawsuit.

Additionally, this court finds that reopening this lawsuit to allow plaintiff to file an objection to the report and recommendation would be futile. The report and recommendation found that plaintiff had filed his lawsuit after they were time-barred by the applicable statutes of limitations. Accordingly, this court finds plaintiff's motion should be denied. *See Dixon v. AmeriCredit Financial Svcs., Inc.,* 772 Fed.App'x 255 (5th Cir. 2019).

**SO ORDERED this the 2nd day of July, 2021.**

                                      **s/ HENRY T. WINGATE**
                                      **UNITED STATES DISTRICT COURT JUDGE**